IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STAR SPA SERVICES, INC., | : | No. 3:07cv302 |
| STAR SPA INC., and | : | |
| STARK SPENCER REAL ESTATE | : | (Judge Munley) |
| PARTNERSHIP, | : | |
|       Plaintiffs | : | |
| | : | |
|       v. | : | |
| | : | |
| ROBERT G. TURANO INSURANCE | : | |
| AGENCY, INC, | : | |
| ROBERT G. TURANO, | : | |
| SHERRI ROBBINS, | : | |
| NATIONWIDE MUTUAL FIRE | : | |
| INSURANCE CO., | : | |
| NATIONWIDE FLOOD INSURANCE | : | |
| PROGRAM, | : | |
| NATIONWIDE PROPERTY & | : | |
| CASUALTY CO., and | : | |
| NATIONWIDE MUTUAL INSURANCE | : | |
| CO., | : | |
|       Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court is defendants' motion to dismiss the plaintiffs' complaint (Doc. 3). Having been fully briefed, the matter is ripe for disposition.

**Background**

This case concerns the duties required under a flood insurance policy issued by defendants. The policy covered property at 1250 Roosevelt Highway in Waymart, Pennsylvania. It was in effect on June 23, 2006 when a flood occurred at the

property. (Complaint (hereinafter "Complt.") at ¶¶ 6-7). The flood caused property damage and loss of contents in excess of $50,000. (Id. at ¶ 7). On January 24, 2007, plaintiffs filed a complaint in the Court of Common Pleas of Wayne County, Pennsylvania. The complaint consists of four counts. Count I alleges that the Nationwide Insurance Defendants improperly denied coverage for plaintiffs' losses from the flood. Plaintiffs allege that Nationwide's improper refusal to provide coverage under the policy resulted in "direct and consequential damages" that included "additional damage to personal property and profits, substantial financial hardship and inconvenience with loss of rents and/or rental income." (Id. at ¶ 11). Count II alleges that all defendants damaged the plaintiffs by misrepresenting their expertise in flood insurance in order to obtain their business. (Id. at ¶¶ 13-16). Count III contends that defendants were careless and negligent in failing to provide insurance for the property's contents and failing to notify plaintiffs about the limits of the insurance. (Id. at ¶¶ 18-19). Count IV alleges that the Turano Defendants, in failing to provide plaintiffs with contents coverage, engaged in unfair and deceptive acts or practices in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 PA. CONS. STAT. § 201.2(4).

On February 16, 2007, defendants filed a notice of removal with this court (Doc. 1). On February 22, 2007, the defendants filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 3). Both parties filed briefs, bringing the case to its present posture.

**Legal Standard**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**Discussion**

Defendants move to dismiss the complaint with prejudice on several grounds. We will discuss each in turn.

**Count I**

Count I of the complaint raises a breach of contract claim against the Nationwide defendants. Defendants challenge the ability of both Star Spa and Stark Spencer to raise such a claim on two grounds.

**a. Lack of Contract Between Star Spa and Defendants**

Defendants allege that Plaintiff Star Spa's breach of contract claim should be dismissed because no contract existed between the parties and plaintiff therefore can raise no contract claim. "A claim for breach of contract exists where it can be shown that there was a contract, a breach of duty imposed by that contract and damages that resulted from the breach." Koken v. Steinberg, 825 A.2d 723, 729

3

(Pa.Cmmw. Ct. 2003). "The basic elements of a contract" include "an offer, acceptance and consideration." Hatbob v. Brown, 575 A.2d 607, 613 (Pa. Super. Ct. 1990).

Plaintiffs have not properly alleged that any contract existed between Star Spa and the defendants. Plaintiffs' complaint contends that Star Spa "was at all times relevant hereto the insured of Defendants Nationwide." (Complt. at ¶ 1). The complaint includes, however, a copy of portions of the insurance contract in question in this case.[1] (See Complt. Exh. A). That policy describes the insured property as 1250 Roosevelt Highway, Waymart, Pennsylvania. (Id.). The policy provides $160,000 in coverage for the building at that property, and no coverage for any of the building's contents. (Id.). Listed as the policy holder is Stark Spencer Real Estate Partners. (Id.). No mention of Star Spa services appears on this policy or in any of the documents included by the plaintiff in the complaint that describe the policy. Plaintiffs have therefore not alleged that any contract existed between Star Spa Services and the Nationwide defendants. They have also submitted evidence that demonstrates that no such contract existed. Since this count of the complaint raises a claim only against Nationwide Insurance, we find that plaintiffs have not

---

[1] Since this material was included in the complaint, we will consider it in deciding on defendants' motion to dismiss. See Buck v. Hampton Twp. School Dist., 452 F.3d 256, 260 (3d Cir. 2006) (holding that "[i]n evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, [citations omitted], and any "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders [and] items appearing in the record of the case.'") (quoting Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1357 (3d ed. 2004))

alleged the existence of a contract that would entitle Star Spa to relief on the breach of contract claim.

### b. Lack of Damages for Stark Spencer Real Estate

Defendants allege that Stark Spencer also cannot state a claim for breach of contract because the company does not allege that defendants' failure to comply with the terms of the contract caused them any damages.  Plaintiffs do not allege any damage to the property covered by the insurance policy.  Since the policy does not provide coverage for the contents of the property, defendants contend that Stark Spear has not alleged that it suffered any damage from the breach of contract.  Plaintiffs respond with an allegation that their insurance agent, Defendants Turano, failed to obtain the coverage for flood damage that they sought.

We find that Stark Spencer has stated a breach of contract claim.  The complaint alleges that the flood that occurred on June 23, 2006  "[caused] damage to the property, and loss of contents, and personally, within the property, in an amount in excess of $50,000.00."  (Complt. at § 7).  Plaintiffs also contend that, despite meeting all of the conditions required by the policy, defendants have informed them that "they would not make payment of Plaintiffs contents [and] damages." (Complt. at § 10).  Read in the light most favorable to the plaintiffs, this claim alleges that defendants refused to provide payments for property damage required by the terms of the policy.  Plaintiff Spark Spear has therefore alleged damages from the breach of contract and we will deny the motion to dismiss on this

point.

**Count II:  Negligent Misrepresentation**

Defendants contend that plaintiffs have not stated a claim for negligent misrepresentation in relation to the process of securing flood insurance for the property in question.[2]  In Pennsylvania, a plaintiff asserting negligent misrepresentation must allege: "(1) a misrepresentation of a material fact; (2) the representor must either know of the misrepresentation, must make the misrepresentation without knowledge as to its truth or falsity, or must make the representation under circumstances in which he ought to have known of its falsity; (3) the representor must intend the representation to induce another to act on it; and (4) injury must result to the party acting in justifiable reliance on the misrepresentation."  Weisblatt v. Minnesota Mutual Life Ins. Co., 4 F.Supp.2d 371, 377 (E.D. Pa. 1998); see also Gibbs v. Ernst, 538 Pa. 193, 210 (Pa. 1994) (finding that "negligent misrepresentation differs from intentional misrepresentation in that to commit the former, the speaker need not know his or her words are untrue, but must have failed to make reasonable investigation of the truth of those words.").

Plaintiffs allege that their insurance agent did not inform them of the contents

---

[2]The plaintiffs' complaint does not use the term "negligent misrepresentation." Because the plaintiffs do not deny that they seek to prosecute such a claim and instead argue that they have met the pleading standard for it, we will proceed as if Count II attempted to state a claim for negligent misrepresentation in the negotiations that led to the insurance contract.

6

of the policy or the limitations of its coverage.[3]  They contend that they relied on the defendants' representation about the contents coverage that they promised to obtain, and that they were injured when a flood occurred and they found they lacked the coverage they had sought.  We note that Star Spa appears to allege that the defendants misrepresented the fact that they would be covered by the policy, that Nationwide's agents represented that they had the expertise and ability to obtain the proper coverage, that Star Spa accepted these representations and assumed that contents coverage existed and that the lack of coverage in the policy harmed Star Spa when a flood came.  Thus, even though Star Spa has not alleged that it was covered by the insurance policy in question, it has alleged that the person they thought was their agent misled them about that coverage.  We will therefore deny the motion to dismiss plaintiffs' negligence misrepresentation claim by all of the

---

[3]We note that the complaint identifies Defendants Turano, the Turano Insurance Agency and Robbins as agents for nationwide. (See, e.g., Complt. at ¶ 15 (alleging that Defendant Robert G. Turano Insurance Agency, Inc. in direct violation, and contrary to its agreement in dealing and handling Plaintiffs' flood insurance needs, failed to obtain contents coverage for Plaintiffs through a flood content's [sic] policy and in concert with or as the agent, servant workman, and/or employee of Defendant, Nationwide, acting within the course and scope of its agency or employment, deliberately and without privilege, cause or justification, failed to secure or prevented and/or refused to write flood contents coverage under of [sic] policy, including alleging the building was a 'basement.'").  Plaintiffs have therefore alleged an agency relationship between Nationwide and the Turano Agency and its employees, meaning that Nationwide can be liable for the Turano Defendants actions in the scope of their relationship.  See Aiello v. Ed Saxe Real Estate, Inc., 488 A.2d 282, 285 (Pa. 1985) (holding that "a principal is liable to third parties for the frauds, deceits, concealments, misrepresentations, torts, negligences and other malfeasances and misfeasances of his agent committed within the scope of his employment even though the principle did not authorize, justify, participate in or know of such conduct even if he forbade acts or disapproved of them, as long as they occurred within the agent's scope of employment.")

plaintiffs.

**Count III:  Negligence Claim**

Defendants also contend that plaintiffs have failed to state a claim upon which relief can be granted on their negligence claim against all of the defendants.  This claim, which constitutes Count III of the complaint, alleges that defendants were negligent in selling and writing the policy for the plaintiffs.  Plaintiffs contend that they were not properly informed of the limitations of the policy's insurance of the contents of the property, that they failed to use due care in evaluating the plaintiff's insurance needs and that they did not adequately investigate the plaintiff's flood insurance needs.

To make out a negligence claim, a plaintiff must allege "'the defendant had a duty to conform to a certain standard of conduct; that the defendant breached that duty; that such breach caused the injury in question; and actual loss or damage.'" Wisniski v. Brown & Brown Ins. Co. of Pennsylvania, 906 A.2d 571, 575-76 (Pa. Super. Ct. 2006) (quoting Phillips v. Cricket Lighters, 841 A.2d 1000, 1008 (Pa. 2003).

Defendants claim that Star Spa cannot make out a negligence claim against them because Star Spa was not covered by the insurance policy and the company therefore had no duty to that plaintiff.  The Pennsylvania Supreme Court has held that "the legal concept of duty of care is necessarily rooted in often amorphous public policy considerations."  Althaus v. Cohen, 756 A.2d 1166, 1169 (Pa. 2000).

8

Courts are to balance several factors in determining whether a duty exists: (1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution." Id.

We find that this alleged agreement, if plaintiffs can prove it existed, creates a duty on the part of the defendants to Star Spa. Plaintiff Star Spa contends that defendants were negligent in writing and administering the policy in question. They contend that the negligence extended to the way that defendants marketed and sold the policy; read most favorably to the plaintiffs, the complaint appears to contend that defendants promised to provide Plaintiff Star Spa with a policy and then failed to do as promised. If the parties truly had an agreement to provide insurance and defendants did not provide that insurance due to negligence, the social utility of enforcing such a duty is obvious: parties must receive the goods and services for which they contract in any reliable, functioning economy.

Defendants also allege that Plaintiff Star Spa has not alleged any damages from the claimed negligence. Defendants contend that the only damage claimed by Star Spa allegedly resulted from defendants' failure to provide coverage pursuant to the terms of the insurance policy in question here. Since Star Spa is not a party to that insurance contract, defendants assert, they can not claim damage from the failure to provide coverage. We disagree. Star Spa certainly claim damages as a

result of defendants' failure to provide coverage. The negligence claim, however, alleges that defendants failed to provide the coverage they had promised. That Star Spa is not named on the contract is evidence, plaintiffs insist, of defendants' breach of their duty to include Star Spa in the insurance contract. Had defendants included Star Spa and the contents of the property in the coverage, plaintiffs claim, Star Spa would not have suffered the losses it alleges. Accordingly, we will deny the motion to dismiss on this point.

**Count IV:  Pennsylvania Unfair Trade Practices and Consumer Protection Law**

Defendants contend that plaintiffs have not alleged any misfeasance, but only nonfeasance, by the defendants and therefore cannot state a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 PENN. CONS. STAT. §§ 201-1, *et seq*. They point to cases which hold that "[i]t is well established that an insurer's refusal to pay benefits to an insured is nonfeasance, and not actionable under the CPL." Klinger v. State Farm Mutual Auto Ins. Co., 895 F. Supp. 709, 717 (M.D. Pa. 1995); see also Horowitz v. Federal Kemper Life Assurance Co., 57 F.3d 300, 307 (3d Cir. 1995) (holding that "[i]n Pennsylvania, only malfeasance, the improper performance of a contractual obligation, raises a cause of action under the Unfair Trade Practices and Consumer Protection Law [citation omitted], and an insurer's mere refusal to pay a claim which constitutes nonfeasance, the failure to perform a contractual duty, is not actionable.").

We agree that plaintiffs could not state a UTPCPL claim based solely on

10

defendants' failure to pay benefits allegedly owed under the policy.  The Third Circuit Court of Appeals has concluded, however, that "Pennsylvania law does not allow an insurer to use the explicit language of its insurance policy to defeat the reasonable expectations of an insured, at least when the insured's expectations are based on the insurer's or its agent's representations, and that it is not unreasonable for insureds to rely on the representations of the insurer's agent rather than on the contents of the insurance policy to understand the scope or cost of her coverage." Dilworth v. Metro. Life Ins. Co., 418 F.3d 345, 353 (3d Cir. 2005); see also Bensalem Twp. v. Int'l Surplus Lines Ins. Co., 38 F.3d 1303, 1311 (3d Cir. 1994) (noting that in Pennsylvania "we are confident that where the insurer or its agent creates in the insured a reasonable expectation of coverage that is not supported by the terms of the policy that expectation will prevail over the language of the policy.").  In Dilworth, the Third Circuit Court of Appeals reversed the district court's grant of summary judgment to the defendant on plaintiff's claim under the UTPCPL.  The plaintiff had purchased a life insurance policy and claimed her insurance agent had informed her that she would not have to pay premiums after nine or ten years because the policy was "self funding."  Dilworth, 418 F.3d at 347.  Because plaintiff had presented evidence that demonstrated that she reasonably expected her policy to include provisions which it did not, the court concluded that her claim under the UTPCPL could survive summary judgment.  Id. at 353-54.

Here, plaintiffs contend that defendants misrepresented to them the coverage

11

that would be provided by the policy in order to induce them to accept the coverage, and that they relied on those representations in deciding to accept the policy and not seek out alternative forms of insurance. While we recognize that the insurance policy here was not as complicated as the life-insurance policy in question in Dilworth, we find it would be inappropriate at this point to conclude that plaintiff unreasonably relied on defendants' representations about the policies without providing the parties an opportunity to take discovery. We are here concerned only with the allegations in the complaint and not with the evidence that exists to support them. We therefore conclude that plaintiffs have stated a claim under the UTPCPL. We will deny the motion to dismiss on this point as well.

**Conclusion**

For the reasons stated above, we will grant the defendants' motion to dismiss in part and deny the defendants' motion to dismiss in part. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STAR SPA SERVICES, INC.,** : | No. 3:07cv302 |
| **STAR SPA INC.,** and : | |
| **STARK SPENCER REAL ESTATE** : | (Judge Munley) |
| **PARTNERSHIP,** : | |
|     **Plaintiffs** : | |
| : | |
|     **v.** : | |
| : | |
| **ROBERT G. TURANO INSURANCE** : | |
| **AGENCY, INC,** : | |
| **ROBERT G. TURANO,** : | |
| **SHERRI ROBBINS,** : | |
| **NATIONWIDE MUTUAL FIRE** : | |
| **INSURANCE CO.,** : | |
| **NATIONWIDE FLOOD INSURANCE** : | |
| **PROGRAM,** : | |
| **NATIONWIDE PROPERTY &** : | |
| **CASUALTY CO.,** and : | |
| **NATIONWIDE MUTUAL INSURANCE** : | |
| **CO.,** : | |
|     **Defendants** : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 25th day of September 2007, the Defendants' motion to dismiss the plaintiff's complaint (Doc. 3) is hereby **GRANTED IN PART** and **DENIED IN PART**, as follows:

    1) Defendants' motion to dismiss Count I of the complaint is **GRANTED** as to Plaintiff Star Spa Services;

2) Defendants' motion to dismiss Count I of the complaint is **DENIED** as to Plaintiff Stark Spencer Real Estate:

3) Defendants' motion to dismiss Count II of the complaint is **DENIED**;

4) Defendants' motion to dismiss Count III of the complaint is **DENIED**; and

5) Defendants' motion to dismiss Count IV of the complaint is **DENIED**.

                              **BY THE COURT:**

                              **s/ James M. Munley**
                              **JUDGE JAMES M. MUNLEY**
                              **United States District Court**