IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STAR SPA SERVICES, INC., STAR SPA INC., and STARK SPENCER REAL ESTATE PARTNERSHIP, | : : : : | No. 3:07cv302 (Judge Munley) |
| Plaintiffs | : : | |
| v. | : : | |
| ROBERT G. TURANO INSURANCE AGENCY, INC, ROBERT G. TURANO, SHERRI ROBBINS, NATIONWIDE MUTUAL FIRE INSURANCE CO., NATIONWIDE FLOOD INSURANCE PROGRAM, NATIONWIDE PROPERTY & CASUALTY CO., and NATIONWIDE MUTUAL INSURANCE CO., | : : : : : : : : : : : : | |
| Defendants | : | |

## MEMORANDUM

Before the court is defendants' motion for reconsideration (Doc. 37) of the court's decision granting in part and denying in part defendants' motion for summary judgment. Having been fully briefed, the matter is ripe for disposition.

**Background**

This case concerns the duties of insurers related to flood coverage. On or about June 23, 2006, a flood occurred at a property on 1250 Roosevelt Highway, Rt.

6, in Waymart Pennsylvania. (Defendants' Statement of Undisputed Facts (Doc. 24) (hereinafter "Defendants' Statement) at ¶ 5). Plaintiff Star Spa Services ("Star Spa") is a former tenant of Plaintiff Stark Spencer Real Estate Partnership ("Stark Spencer") at this address. (Id. at ¶ 3). Both companies are Pennsylvania corporations. (Id. at ¶¶ 1-2). On that date, Stark Spencer maintained a standard flood insurance policy on that property in question through Defendant Nationwide Mutual Flood Insurance Company ("Nationwide"). (Id. at ¶ 6). Star Spa did not have flood insurance coverage for its property, which was stored in the structure owned by Stark Spencer. (Id. at ¶ 7).

Defendants contend that Star Spa never made a request for flood insurance coverage from them. (Id. at ¶ 8). No flood insurance policy was ever issued to Star Spa. (Id. at ¶ 9). When informed by the bank that plaintiff required flood insurance coverage for its renovated building, the plaintiff understood that this type of insurance coverage was separate from other insurance on the property. (Id. at ¶ 10). Defendant Turano Insurance Agency ("Turano") and its representatives never informed Star Spa that it was covered for its contents under a flood insurance policy. (Id. at ¶ 11). Turano also never informed Star Spa that it enjoyed flood insurance coverage under Stark Spencer's flood insurance policy. (Id. at ¶ 12). The property damaged in the flood on June 23, 2006 belonged to Star Spa. (Id. at ¶ 13). The property where the flooding took place is located in a flood zone rated "AE." (Id. at ¶ 14). Substantial improvement and construction occurred at that property after

September 30, 1987.  (Id. at ¶ 15).

On January 24, 2007, plaintiffs filed a complaint in the Court of Common Pleas of Wayne County, Pennsylvania. The complaint consists of four counts.  Count I alleges that the Nationwide Insurance Defendants improperly denied coverage for plaintiffs' losses from the flood.  Plaintiffs allege that Nationwide's improper refusal to provide coverage under the policy resulted in "direct and consequential damages" that included "additional damage to personal property and profits, substantial financial hardship and inconvenience with loss of rents and/or rental income."  (Id. at ¶ 11).  Count II alleges that all defendants negligently misrepresented to the plaintiffs that they would obtain flood contents coverage for Star Spa. (Id. at ¶¶ 13-16).  Count III contends that defendants were careless and negligent in failing to provide insurance for the property's contents and failing to notify plaintiffs about the limits of the insurance.  (Id. at ¶¶ 18-19).  Count IV alleges that the Turano Defendants, in failing to provide plaintiffs with contents coverage, engaged in unfair and deceptive acts or practices in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 PA. CONS. STAT. § 201.2(4).

On February 16, 2007, defendants filed a notice of removal with this court (Doc. 1).  On February 22, 2007, the defendants filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 3).  Both parties then filed briefs.  The court issued a decision denying in part and granting in part the motion to dismiss on September 25, 2007.  The parties then engaged in discovery.  At the

close of discovery, the defendants filed a motion for summary judgment. On January 27, 2009, the court issued a decision which granted in part and denied in part defendants' motion for summary judgment. The court granted the motion with respect to plaintiff's claims under the Pennsylvania Unfair Trade Practices and Consumer Protection Law but denied it in all other respects. Defendants filed the instant motion on February 10, 2009.

**Jurisdiction**

Because this case arises from a dispute over flood insurance claims under the National Flood Insurance Program, this court has jurisdiction pursuant to 42 U.S.C. § 4072. The court has supplemental jurisdiction over the plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a) ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution.").

**Legal Standard**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds for such a motion to be granted: (1) an intervening change in controlling

law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe, 176 F.3d at 677. A motion for reconsideration is not a proper vehicle to attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp.1109, 1122 (E.D. Pa. 1993). Such motions also may not be used to give a dissatisfied party a chance to "[change] theories and try again," obtaining a "second bite at the apple." Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995); see also Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (finding that "The simple fact that [plaintiff] is unhappy with the result of the April 19, 2001 opinion is an insufficient basis to grant her relief.").

Defendants' motion does not point to any intervening change in the controlling law or new evidence which justify granting the motion for reconsideration. Instead, the motion repeats arguments made previously to this court in the defendants' motion for summary judgment. Accordingly, the defendants seek to have the court rethink a decision it has already made. As such, defendants' arguments are not appropriate for appropriate for a motion for reconsideration, and the court will deny that motion. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STAR SPA SERVICES, INC.,** | : | No. 3:07cv302 |
| **STAR SPA INC.,** and | : | |
| **STARK SPENCER REAL ESTATE** | : | (Judge Munley) |
| **PARTNERSHIP,** | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ROBERT G. TURANO INSURANCE** | : | |
| **AGENCY, INC,** | : | |
| **ROBERT G. TURANO,** | : | |
| **SHERRI ROBBINS,** | : | |
| **NATIONWIDE MUTUAL FIRE** | : | |
| **INSURANCE CO.,** | : | |
| **NATIONWIDE FLOOD INSURANCE** | : | |
| **PROGRAM,** | : | |
| **NATIONWIDE PROPERTY &** | : | |
| **CASUALTY CO.,** and | : | |
| **NATIONWIDE MUTUAL INSURANCE** | : | |
| **CO.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 1st day of April 2009, the Defendants' motion for reconsideration (Doc. 37) is hereby **DENIED**.

                                                                        **BY THE COURT:**


                                                                        **s/ James M. Munley**
                                                                        **JUDGE JAMES M. MUNLEY**
                                                                        **United States District Court**